IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD S. HARRIS | ) | |
| | ) | 4:06CV3035 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

This is an action for judicial review of a final decision of the Secretary of Health and Human Services.  Jurisdiction of this court is pursuant to 42 U.S.C. § 405 (g).  Plaintiff filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and under Title XVI, 42 U.S.C. § 1381 *et seq.*, on April 9, 2003.  An administrative law judge (ALJ) denied plaintiff's request for benefits on November 26, 2004. The Commissioner of Social Security denied plaintiff's claim for benefits on December 29, 2005. Plaintiff filed this action alleging the defendant failed to consider his subjective complaints of pain, failed to accord appropriate deference to the opinions of his treating physician, and posed an inappropriate hypothetical question to the vocational expert (VE). The court has carefully reviewed the record, including the Social Security transcript, Filing No. 6, as well as the parties' briefs and the relevant case law.  The court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole and shall be affirmed.

**LEGAL STANDARD**

A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant is disabled when the claimant is "not only unable to do his previous work but cannot, considering . . . his age, education and work experience, engage in any other kind of substantial gainful work which exists in [significant numbers in] the national economy . . . either in the region in which such individual lives or in several regions of the country." 42 U.S.C. § 432(d)(2)(A).

An ALJ evaluates a disability claim according to a five-step sequential analysis prescribed by Social Security regulations. The ALJ examines

> any current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity and age, education and work experience. *See* 20 C.F.R. § 404.1520(a); *Braswell v. Heckler*, 733 F.2d 531, 533 (8th Cir. 1984). If a claimant suffers from an impairment that is included in the listing of presumptively disabling impairments (the Listings), or suffers from an impairment equal to such listed impairment, the claimant will be determined disabled without considering age, education, or work experience. *See Braswell*, 733 F.2d at 533. If the Commissioner finds that the claimant does not meet the Listings but is nevertheless unable to perform his or her past work, the burden of proof shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to perform other kinds of work, and second, that other such work exists in substantial numbers in the national economy. *See Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000). A claimant's residual functional capacity is a medical question. *See id.* at 858.

*Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000).

When reviewing the decision not to award disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the Commissioner. *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995). Rather, the district court will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole. *Eback v. Chater*, 94 F.3d 410, 411 (8th Cir. 1996).

2

Under this standard, substantial evidence means something "less than a preponderance" of the evidence, *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998), but "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Ellison v. Sullivan*, 921 F.2d 816, 818 (8th Cir.1990).  "Substantial evidence is that which a reasonable mind would find as adequate to support the ALJ's decision."  *Brown v. Chater*, 87 F.3d 963, 964 (8th Cir. 1996) (citing *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996)).

In determining whether the evidence in the record as a whole is substantial, the court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999).  If the court finds that the record contains substantial evidence supporting the Commissioner's decision, the court may not reverse the decision because the record also contains substantial evidence that supports a different outcome or because the court would have decided the case differently.  *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

## DISCUSSION

### A.  Background

Plaintiff was born in November 1968, and alleges he became unable to work on June 7, 2000.  His past work history includes work as a general farm worker, flagger, asphalt roller, meat trimmer, forklift operator, bobcat operator, shredder operator, trailer assembler/finisher, cleaner, detailer, security guard, and carnival construction worker.  Plaintiff has a tenth grade education.  On June 14, 2000, plaintiff saw Dr. J.R.S. Froggatt regarding shoulder and neck pain.  Following an MRI, Dr. Froggatt diagnosed plaintiff with spinal stenosis, C4-C5 and C5-C6, and a left-sided osteophyte at C4-C5 with narrowing and nerve root compression.  On June 29, 2000, Dr. James Bertus recommended physical

3

therapy, possibly traction and a return to light duty work.  Plaintiff continued to have pain.
On October 17, 2000, Terry F. Nelson, physical therapist, conducted a Functional Capacity
Evaluation.  Mr. Nelson concluded that plaintiff could perform sedentary work and possibly
light work.  Mr. Nelson noted a possibility of symptom exaggeration.  Dr. Rice Jensen
examined plaintiff on December 29, 2000, and recommended continued conservative
treatment and found plaintiff could maintain activity at the light to sedentary range.  On July
18, 2002, another MRI showed moderate disc bulging at the CV-C5 and mild bulging at the
C3-4 and C5-6.  In September 2002, Dr. Jensen again noted that plaintiff should remain
at light activity.  On January 3, 2003, Dr. Jensen estimated a permanent partial impairment
rating of ten percent.  Dr. Leslie Hellbusch saw plaintiff in February 2003, and ordered
another MRI.  Dr. Hellbush rendered opinions similar to Dr. Jensen and Dr. Froggatt.
Plaintiff then saw Dr. Tom Surber from July 2003, through at least October 2004.  In
August 2004, Dr. Surber opined that plaintiff could not do his former job or similar work,
that his prognosis was fair, and noted that plaintiff had difficulty getting up from a hard chair
and difficulty with walking.  Tr. at 296-98.

Plaintiff testified that he does most of his own shopping, cooks his meals, picks up
around the house, goes fishing occasionally, and washes his own dishes and laundry.
Plaintiff testified that he sometimes has pain so bad he does not get out of bed.  Plaintiff
also testified that he has taken and still takes some pain medications.  Tr. at 108, 106, 109,
263, 264, 261, 259, 254, 245 and 287.  Plaintiff testified that he cannot bend, twist, or
stoop due to back and neck pain.  Tr. at 362.  He lived in an upstairs apartment and
climbed the stairs two or three times per day.  Tr. at 370.  He testified that he could stand

4

up to five or six hours per day on a good day approximately two hours at a time.  Tr. at 370-71.  Plaintiff testified that he might have about three months out of a year without pain.

### B.  Treating Physician

Error exists when an ALJ fails to consider or discuss a treating physician's opinion that a claimant is disabled when the record contains no contradictory medical opinion. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001).  "[A] treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Prosch v. Apfel*, 201 F.3d 1010, 1012-1013 (8th Cir. 2000) (*quoting* 20 C.F.R. § 404.1527(d)(2) (2006)).  The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions.  *Hogan v. Apfel*, 239 F.3d at 961.  An ALJ cannot substitute his opinion for the medical opinions.  *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990).

Plaintiff contends that the ALJ erred by not giving controlling weight as required by SSR96-2p to the opinions of the treating physician, Dr. Surber.  The ALJ stated that he considered Dr. Surber's opinions more persuasive than those of the nontreating physicians, Tr. at 21, but the plaintiff contends that the ALJ then failed to include and consider most of the limitations set forth by Dr. Surber.  Such opinions included Dr. Surber's determination that plaintiff could only lift ten pounds occasionally, could only reach occasionally, and would frequently need to walk around and take a break.  Plaintiff contends that the ALJ determined that Dr. Surber's opinions should be believed but then

ignored these opinions when determining plaintiff's RFC, and plaintiff argues the ALJ simply substituted his judgment for that of the doctors.  The defendant argues that the ALJ properly considered the opinion of Dr. Surber.  The ALJ, argues the defendant, considered all the medical opinions, and the ALJ specifically found that Dr. Surber's conclusion was not supported in that regard by all the medical evidence.  Tr. at 21.

The court agrees with the defendant.  First, Dr. Suber's notes indicate that he cannot fully answer the RFC questionnaire, since plaintiff had not been tested in four years.  Tr. at 322.  All of the medical evidence which includes the medical opinions of a number of doctors in this case was considered.  Further, the ALJ's findings are consistent with the determinations in the complete medical record.  The ALJ considered all of the medical evidence and gave due credibility to the findings of the treating physicians.

### C.  Complaints of Pain

The standard, in the Eighth Circuit, for evaluating a claimant's subjective complaints of pain in Social Security cases is *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). According to the Eighth Circuit, an ALJ may not disregard a plaintiff's subjective complaints solely because the objective medical evidence does not fully support them:

> Absence of objective medical basis supporting the degree of severity of disability claimant's subjective complaints alleged is just one factor to be considered in evaluating credibility of testimony and complaints; [ALJ] must give full consideration to all of the evidence presented relating to subjective complaints, including the [plaintiff's] prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.    the [plaintiff's] daily activities;
> 2.    the duration, frequency and intensity of the pain;
> 3.    precipitating and aggravating factors;
> 4.    dosage, effectiveness and side effects of medication;
> 5.    functional restrictions.

6

> The [ALJ] is not free to accept or reject the [plaintiff's] subjective complaints *solely* on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the record as a whole.

*Polaksi v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (emphasis in original).  "Pain is recognized as disabling when it is not remedial and precludes claimant from engaging in form of substantial gainful activity; mere fact that working may cause pain or discomfort does not mandate finding of disability."  *Cruse v. Bowen*, 867 F.2d 1183, 1183 (8th Cir. 1989).

"Not all pain reaches a level [at] which is disabling.  The claimant's level of care is not consistent with an individual who alleges the severity of her complaints." *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987).  "While the ALJ may not discount a social security disability claimant's complaints solely because they are not fully supported by objective medical evidence, a claimant's complaints may be discounted based on the inconsistencies in the record as a whole."  *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005).  "Allegations of disabling pain made by claimant seeking social security disability benefits may be discredited by evidence that claimant has received minimum medical treatment and/or has taken only occasional pain medication."  *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998).

Plaintiff argues that the ALJ failed to delineate the inconsistencies that he relied on to discredit plaintiff's subjective complaints in violation of SSR96-7p which requires specific reasons.  Defendant contends that the ALJ provided an acceptable credibility analysis, although the defendant admits it could have been more detailed.  However, the court finds that such deficiency, if any, is not a sufficient reason to set aside the ALJ's findings unless

it would  change the outcome of the case.  *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000).  The ALJ considered plaintiff's daily activities, notations in the record that plaintiff exaggerated his responses and did not always give maximum efforts during tests, the objective evidence, and plaintiff's subjective complaints.  After reviewing the record, the court finds substantial evidence to support the decision of the ALJ and the lack  of a more detailed explanation regarding pain inconsistencies would not change the outcome of this case.

### D.  Vocational Expert

To assist an ALJ making a disability determination, a vocational expert (VE) is many times asked a hypothetical question to help the ALJ determine whether a sufficient number of jobs exist in the national economy that can be performed by a person with a similar RFC to the claimant.   A hypothetical question is properly formulated if it incorporates impairments "supported by substantial evidence in the record and accepted as true by the ALJ."  *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)).  "[A] vocational expert's responses to hypothetical questions posed by an ALJ constitutes substantial evidence only where such questions precisely set forth all of the claimant's physical and mental impairments."  *Wagoner v. Bowen*, 646 F. Supp. 1258, 1264 (W.D. Mo. 1986) (citing *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir.1983)).  Courts apply a harmless error analysis during  judicial review of administrative decisions that are in part based on hypothetical questions.  For judicial review of the denial of Social Security benefits, an error is harmless when the outcome of the case would be unchanged even if the error had not occurred.  *See Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003).  Because a VE's testimony may be considered substantial

evidence "only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies," *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997) (*citing Porch v. Chater*, 115 F.3d 567, 572-73 (8th Cir. 1997), *and Pickney v. Chater*, 96 F.3d 294, 297 (8th Cir. 1996)), the court finds that the VE's testimony was not substantial evidence.

Anita Howell, the vocational expert in this case, testified at the hearing. Tr. at 373-83. The ALJ asked the expert to assume an individual of plaintiff's age, education, and work experience who could lift and carry fifteen pounds occasionally and ten pounds frequently, and occasionally climb stairs, crouch, crawl, stoop, kneel, balance, and reach overhead. Tr. at 378. In addition, the ALJ noted that such an individual could not work at heights, and needed to alternate sitting and standing on an hourly basis. Tr. 378. The vocational expert testified that the individual could perform plaintiff's past work as a security guard, and in addition, the individual could perform other work existing in significant numbers in the national economy, such as hand packager and assembly press operator. Tr. 379-80.

The court finds that the ALJ included all the credible limitations in the hypothetical to the VE. In addition, because the ALJ determined that defendant's past relevant work could be performed by the defendant, the ALJ did not have to ask the VE to testify about other jobs in the economy. 20 C.F.R. §§ 404.1520 and 416.920(2005). However, he did so to assure a complete record and give the claimant the benefit of the doubt. Tr. at 22. The hypothetical did include the impairments considered credible by the ALJ. Accordingly, the court finds plaintiff's arguments in this regard are without merit.

IT IS ORDERED that the action for judicial review of the findings of the defendant is denied.  A separate judgment will be entered in conjunction with this memorandum and order.

DATED this 3rd day of January, 2007.

BY THE COURT:


**s/ Joseph F. Bataillon**
Chief U.S. District Judge